UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY CHILDRESS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 13-cv-03252-JSC<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 37 |

In December 2009, Plaintiff Brittany Childress ("Plaintiff") filed applications for Disability Insurance Benefits and Supplemental Security Income. The Commissioner of the Social Security Administration ("Defendant") denied her application and Plaintiff thereafter filed an appeal in this Court. The Court subsequently granted Plaintiff's motion for summary judgment in part, denied Defendant's cross motion for summary judgment, and remanded the case for further proceedings. (Dkt. No. 34.) Defendant now moves to alter or amend the Court's Judgment pursuant to Federal Rule of Civil Procedure 59(e), contending that the Court erred in finding that the ALJ's adverse credibility determination was not supported by specific, clear and convincing reasons. (Dkt. No. 37.) Having reviewed Defendant's submission, the Court's September 16, 2014 Order ("Order"), and the administrative law judge ("ALJ") decision, the Court concludes that it correctly evaluated the ALJ's credibility findings pursuant to Ninth Circuit precedent. Therefore, for the reasons further discussed below, Defendant's motion is DENIED.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in

controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal citation and quotation marks omitted). "The history of Rule 59(e) shows that 'alter or amend' means a substantive change of mind by the court." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).

## DISCUSSION

Defendant asserts that the Court committed clear error in its evaluation of the ALJ's credibility determination. Specifically, Defendant argues that either (a) the ALJ's credibility finding was proper as a matter of law and was supported by substantial evidence; or (b) alternatively, any error the ALJ may have committed was harmless given the Court's factual findings and legal conclusions. (Dkt. No. 37 at 2.)

### A.     ALJ's Credibility Finding

In its Order, the Court held that the ALJ failed to provide specific, clear, and convincing reasons for discrediting Plaintiff's subjective symptom testimony. (Dkt. No. 34 at 19.) The ALJ found that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 24.) In support of this adverse credibility finding, the ALJ generally referred to Plaintiff's (1) "substantial activities of daily living and [ability] to attend college full time;" (2) "relatively routine medical treatment;" (3) "ability to ambulate;" (4) pleasant demeanor and lack of "acute distress" despite alleging severe pain; and (5) additional medical evidence. (*Id.*) Specifically, the ALJ made the following findings to support his credibility determination:

> As indicated above, the claimant has substantial activities of daily living and is able to attend college fulltime. She has received relatively routine medical treatment. She has been noted to be able to ambulate on numerous occasions.
>
> Despite alleging severe pain, she has been noted to be pleasant on numerous occasions. This includes a medical appointment on April

> 29, 2009 when she was noted to be pleasant despite reporting "stabbing" pain. She was in no acute distress on February 25, 2010 and November 2, 2010. On January 3, 2011, March 7, 2011, March 22, 2011, March 30, 2011, she was pleasant and in no distress. On June 15, 2011 she was doing well, very pleasant and in no acute distress.
>
> Objectively, she has 5/5 strength in all extremities. On November 2, 2010 she denied weakness of the lower extremities. She was noted to be "pretty healthy" on January 31, 2011. She had no gross neurological deficits on January 31, 2011 and she was able to heel and toe walk without difficulty.

(*Id.*) The Court concluded that the ALJ's reasoning did "not meet the Ninth Circuit's clear and convincing standard because it fail[ed] to identify what portion of Plaintiff's testimony [was] not credible and lack[ed] 'specific, clear and convincing reasons' for rejecting the severity of her symptoms." (Dkt. No. 34 at 19.); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) ("[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) ("[An ALJ] must state which pain testimony is not credible and what evidence suggests the claimant[ ][ is] not credible.").

Defendant now argues that "[b]ecause each of these credibility factors has the support of substantial evidence, and is permitted under both published and unpublished Circuit law, this Court should grant [its motion], and affirm the ALJ's credibility finding." (Dkt. No. 37 at 8.) In support of its argument, Defendant goes through each factor to offer legal precedent and medical evidence from the record that support the ALJ's credibility finding.[1] (*See* Dkt. No 37 at 3–8.) "The ALJ's error, however, did not lay in failing to state the evidence;" rather, the "ALJ erred in failing to apply the evidence to an analysis of [Plaintiff]'s credibility. *See Loring v. Astrue*, No. 6:10-CV-06273-SI, 2011 WL 6888838, at *2 (D. Or. Dec. 29, 2011) (denying Commissioner of Social Security's Rule 59(e) motion under analogous circumstances where the ALJ failed to identify what portions of the claimant's testimony it found unreliable).

Thus, while Defendant posits that Plaintiff's pain testimony was undermined by the fact

---

[1] Because, as further discussed below, the Court finds the same deficiency present in each factor—and in the credibility analysis as a whole—the Court will not individually address each of the four bases that Defendant argues support the credibility determination (daily activities, medical treatment, medical evidence, and demeanor).

1  that she "graduated from high school, attended college full-time, maintain[ed] a near perfect GPA
2  of 3.85, and successfully obtained two Associate Degrees—an Associate of Arts degree in
3  behavioral and social studies and an Associate of Science degree in business administration—
4  while on her way to obtaining a full degree in Business Administration" (Dkt. No. 37 at 4:26–28),
5  the ALJ merely concluded that Plaintiff's allegations of pain were contradicted by the fact that she
6  "has substantial activities of daily living and is able to attend college fulltime." (AR 24.)
7  Defendant similarly suggests that Plaintiff's need for regular breaks was not borne out by the
8  record because:

> Plaintiff testified that she drove "[a]t least three times a week to get to school," where she took 12 units, which constituted "full time status" (Tr. 328–29). Plaintiff was "actually going to campus" for "classes Monday, Wednesday, Friday" "from 9:00 to 1:50," with an hour break between each class (Tr. 329). She also spent 3 hours each Tuesday and Thursday working on class assignments (Tr. 329–30).

(Dkt. No. 37 at 5:15–20.) This attorney statement reflects a specificity that is wholly lacking from the ALJ's decision. Defendant's post hoc suggestions for reasons to support the ALJ's credibility analysis do not alter that the ALJ was charged with specifically articulating his rationale in the first instance.

Indeed, in arguing that the ALJ sufficiently articulated his rationale, Defendant overlooks the clear, repeated, and unambiguous Ninth Circuit precedent—and the crux of the Court's Order—that "the ALJ must *specifically identify* the testimony she or he finds not to be credible." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) ("[T]he ALJ must identify what testimony is not credible."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (same); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (same); *Dodrill*, 12 F.3d at 918 (same). General credibility findings are insufficient, and "the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at 1163; *see also Loring*, 2011 WL 6888838, at *3 ("The Ninth Circuit's case law and the Commissioner's Social Security Rulings require more than recitation of evidence"); *Holmlund v. Colvin*, No. C-12-4481 EMC, 2014 WL 3965042, at *14 (N.D. Cal. Aug. 13, 2014) ("[T]he Court

4

expects the ALJ to not only highlight what he deems to be significant facts, but also to explain why he finds them to be significant.").

The ALJ failed to meet the clear and convincing standard. Although the ALJ listed a variety of medical evidence in his adverse credibility finding, he did not identify which parts of Plaintiff's testimony were not credible, nor did he explain how these pieces of evidence "contradict, diminish, or discredit" Plaintiff's testimony.[2] *See Loring*, 2011 WL 6888838, at *2. "In each example, the ALJ merely recited a piece of evidence." *Id.* Under Ninth Circuit precedent, this failure is legal error.

The Court does not disagree that it may draw certain inferences from the ALJ's decision, nor is it mandating that an ALJ "recite the magic words" to conduct a proper credibility analysis. Rather, the Court declines to manufacture reasons to support the ALJ's adverse credibility decision when they are not explicit in the record. The ALJ must "make a credibility determination with findings *sufficiently specific* to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (emphasis added). For the reasons set forth in both the Court's Order and above, the Court concludes that the ALJ's credibility analysis does not meet this standard.

### B.   Harmless Error Analysis

After finding the ALJ's credibility analysis insufficient, the Court's Order explained that the error could not be deemed harmless because it was "impossible for the Court to determine if the ALJ would have reached the same result had he credited Plaintiff's pain testimony—specifically, her need for rest breaks—as true." (Dkt. No. 34 at 24.) "Had the ALJ considered Plaintiff's testimony regarding her need for breaks credible, he would have been required to reach a more restrictive RFC assessment to reflect this limitation," which "may have ultimately resulted

---

[2] Instead of identifying specific testimony, the ALJ used boilerplate language that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 24.) As the Court concluded in its prior Order, such boilerplate language is particularly problematic because it "fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible." *See Bjornson v. Astrue*, 671 F.3d 640, 644–45 (7th Cir. 2012).

in a different disability determination." *Id.*

According to Defendant, even if the ALJ erred in his credibility analysis, any error was harmless in light of the Court's findings regarding the weight of medical opinions. (Dkt. No. 37 at 8.) Specifically, Defendant argues that because the Court "found that the ALJ credibly discounted the nurse's opinion . . . on the same reasons the ALJ cited for finding Plaintiff not credible, it is unclear why this Court found the ALJ's credibility finding lacking." (*Id.* at 9.) Defendant contends that Plaintiff's need for regular rest breaks and inability to sit, stand or walk for extended periods of time were the "very limitations in Nurse Walsh's assessment that the ALJ found unsupported by the unremarkable objective clinical findings, routine treatment and college attendance." (*Id.*) Thus, Defendant maintains that "[i]f the ALJ already properly discounted one opinion that recited the same or similar limitations that Plaintiff described as her disabling limitations, then the Court can draw the reasonable inference that the ALJ had, in fact, considered those specific limitations and found them not credible." (*Id.* at 10.) Defendant's argument is unavailing for several reasons.

First, the standard for disregarding "other sources"—nurse practitioners, physician's assistants, and the like—is different from the standard used to make an adverse credibility determination for a claimant's pain testimony. While an ALJ must provide "specific, legitimate reasons based on substantial evidence" to discount evidence from "acceptable medical sources," evidence from "other sources" is not entitled to the same deference and may be discounted if the ALJ "gives reasons germane . . . for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Providing "germane reasons" is a lower standard than that used in credibility determinations, where, if there is no evidence of malingering, "the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at 1163 (internal quotation marks omitted). This "clear and convincing standard is the most demanding required in Social Security cases," and "is the same as that required to reject the uncontradicted opinion of a treating physician." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Thus, the Court's finding that the ALJ properly attributed less weight to Nurse Walsh's opinion has no

6

bearing on the sufficiency of the credibility determination—even if her assessment alleged the same limitations as Plaintiff's testimony.

Second, it is precisely this reason—the stringent standard applied to credibility determinations—which precludes the Court from inferring that the ALJ considered the same limitations listed in Nurse Walsh's assessment when he rejected Plaintiff's pain testimony. Thus, Defendant's contention that "if the ALJ was correct in finding that the nurse was wrong about Plaintiff's stamina limitations based on the objective findings, conservative treatment and college attendance, the ALJ was necessarily correct in his characterization of that same evidence when discounting Plaintiff's allegations based on that same evidence" is unavailing. (Dkt. No. 37 at 10.)

In support of this argument, Defendant cites *Magallanes v. Bowen*, 881 F.2d 747 (9th Cir. 1989), and *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012), for the proposition that a reviewing court must uphold an ALJ's findings so long as it can it can glean the ALJ's rationale from other parts of the decision. However, neither of these cases sought to use other portions of an ALJ decision to infer the reasoning of an ALJ's credibility determination. *See Magallanes*, 881 F.2d at 755 (holding that it is proper to read the part of the ALJ's decision discussing one physician's findings and opinion, and draw inferences relevant to another physician's findings and opinions); *Molina*, 674 F.3d at 1121 ("[I]f an ALJ has provided well-supported grounds for rejecting [a claimant's] testimony regarding specified limitations, [a court] cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations."). Rather, each case allowed for reasonable inferences to be drawn when the ALJ had already provided satisfactory analysis that would have—if copied and pasted over—been sufficient for the evidence in question. *See also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotation marks omitted). That is not the case here.

Here, the ALJ gave "minimal weight" to Nurse Walsh's assessment, finding that her "opinion conflict[ed] with that of the State agency physicians who examined the claimant as well

7

as that of Dr. Gratian ..., a treating physician." (AR 24.) The ALJ also cited the "paucity of clinical deficit noted upon physical examinations and diagnostic studies," the "relatively routine treatment provided to the claimant," and "the claimant's substantial activities of daily living" as additional pieces of evidence that contradicted Nurse Walsh's assessment. (Id.) While the ALJ's explanation was sufficient to discount Nurse Walsh's opinion as an "other source," the Court cannot make the inferential leap required to find that this language also meets the "specific, clear and convincing" standard that governs credibility determinations. To do so would effectively eviscerate the stringent requirements for adverse credibility findings.

The ALJ's discussion of Nurse Walsh's assessment makes no mention of Plaintiff's testimony, and offers no discussion of Plaintiff's "routine treatment" or "substantial activities of daily living." Without more, the Court cannot infer from this sparse analysis that the ALJ properly considered the same limitations alleged by Plaintiff. Such an inference would render the Ninth Circuit's oft-repeated mandate—that "the ALJ must *specifically identify* the testimony she or he finds not to be credible" when rejecting a claimant's pain testimony—utterly meaningless. *See Holohan*, 246 F.3d at 1208 (emphasis added).

The Court thus concludes, as it did in its initial Order, that the ALJ's failure to articulate specific, clear and convincing grounds for rejecting Plaintiff's pain testimony, especially with regards to her testimony concerning her need for regular breaks, was not harmless error because the ALJ may have reached a different decision had Plaintiff's pain testimony been credited as true.

## CONCLUSION

For the reasons stated above, Defendant's motion to alter or amend the Judgment is DENIED.

**IT IS SO ORDERED**.

Dated: December 4, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

8